**IRONS, LLC, a Limited Liability Corporation, Appellant**

v.

**William Frederick BRANDES, Appellee.**

**No. 07–7031.**

United States Court of Appeals, District of Columbia Circuit.

April 22, 2008.

Edward Sterling Irons, Law Office of Edward Sterling Irons, Washington, DC, for Appellant.

Robert Edward Grant, Furey Dooley & Abell, LLP, Chevy Chase, MD, for Appel-lee.

BEFORE: HENDERSON, ROGERS, and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed.

R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed February 15, 2007, be affirmed. Appellant argues on appeal that the district court was biased, failed to accept the complaint's factual alle-gations as true, and improperly denied the pending motions. Appellant has not estab-lished the existence of bias by the district court, either by the court's reliance on an extrajudicial source that creates the ap-pearance of partiality or "deep-seated fa-voritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

Furthermore, the court is not required to accept inferences that are "unsupported by the facts set out in the complaint" or "legal conclusions cast in the form of factu-al allegations," *Kowal v. MCI Comm. Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994), nor must the court accept as "true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice." *Kaempe v. Myers,* 367 F.3d 958, 963 (D.C.Cir.2004).

Appellant waived any objections to the rulings on its five motions by not ade-quately briefing its objections on appeal. Fed. R.App. P. 28(a); *McBride v. Merrell Dow and Pharmaceuticals,* 800 F.2d 1208, 1210–11 (D.C.Cir.1986) (holding that courts will not reverse judgments on the basis of inadequately briefed claims).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-hearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.